United States District Court
Southern District of Texas
**ENTERED**
February 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VINCENT HENDERSON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. 4:18-CV-413** |
| § | |
| **HARRIS COUNTY, RON HICKMAN,** § | |
| **AND MICHAEL RICHARD,** § | |
| § | |
| **Defendants.** | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant former Harris County Sheriff Ron Hickman's ("Sheriff Hickman") Motion to Dismiss (Dkt. No. 69). The Court has considered the motion, the response, the reply, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Sheriff Hickman's Motion to Dismiss be **GRANTED** and that Plaintiff's claims against Sheriff Hickman be **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

This is a civil rights case brought under Section 1983.[2] The case stems from an altercation that occurred on November 18, 2015 between Plaintiff and Defendant Deputy Michael Richard while Plaintiff was an inmate in the Harris County Jail.[3] Sheriff Hickman was the Harris County Sheriff from May 2015 to December 2016.[4] Plaintiff alleges that Sheriff Hickman failed to train

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 56.)
[2] Dkt. No. 59 at 5.
[3] *Id.* at 5–6.
[4] *Id.* at 23.

his officers and employees, failed to discipline employees, and failed to supervise.[5] Further, Plaintiff alleges that Sheriff Hickman was deliberately indifferent to the use of excessive force by detention officers.[6] Sheriff Hickman filed the instant Motion to Dismiss for failure to state a claim and on the basis of qualified immunity.

## II. LEGAL STANDARD

### a. Rule 12(b)(6) Dismissal

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

### b. Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from

---

[5] *Id.*
[6] *Id.* at 24.

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While qualified immunity is an affirmative defense, a plaintiff "has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). A plaintiff can meet this burden by alleging facts showing that the defendant committed a constitutional violation and that the defendant's actions were objectively unreasonable in light of the clearly established law at the time those actions were taken. *See Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011).

### III. ANALYSIS

Sheriff Hickman moves to dismiss Plaintiff's claims against him in his individual capacity for three reasons: (1) there is no civil rights claim under the Texas Constitution;[7] (2) Plaintiff failed to state sufficient facts to support a claim against Sheriff Hickman in his individual capacity; and (3) Plaintiff's complaint cannot overcome qualified immunity.[8] Plaintiff contends that he has "plead sufficient facts that it is plausible that Sheriff Hickman's actions were objectively unreasonable . . . and Sheriff Hickman acted with deliberate indifference to constitutional rights . . . by failing to promulgate policies against excessive force and choke holds and by failing to train

---

[7] Sheriff Hickman argues that Plaintiff's civil rights claim under the Texas Constitution should be dismissed because is it not a viable claim. (Dkt. No. 69 at 4.) Plaintiff did not respond to this argument. A plaintiff that fails to defend a claim in response to a defendant's motion to dismiss effectively abandons their claim. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 558 n.1 (5th Cir. 2006) (holding that a plaintiff's failure to defend a claim in response to a defendant's motion to dismiss "constituted abandonment"); *see also Henderson v. Wells Fargo Bank, N.A.*, 974 F.Supp.2d 993, 1016 (N.D. Tex. 2013) ("In his response to the motion to dismiss, Henderson does not address Wells Fargo's contentions regarding his FCA claim. Wells Fargo therefore contends, and the court agrees, that Henderson has abandoned his FCA claim."). Accordingly, the Court **RECOMMENDS** that Sheriff Hickman is entitled to dismissal of this claim.

[8] Dkt. No. 69 at 4–5, 8.

jailers against such use."[9]

The Court addresses whether Plaintiff has stated a claim for relief under § 1983 before considering whether Plaintiff has alleged sufficient facts to defeat a qualified immunity defense. *See Martone v. Livingston*, No. 4:13-CV-3369, 2014 WL 3534696, at *5 (S.D. Tex. July 16, 2014); *see, e.g.*, *Tipps v. McCraw*, SA-12-CV-00766-DAE, 2013 WL 5929705, at *5 (W.D. Tex. Nov. 1, 2013) (not reaching the question of qualified immunity since the plaintiff had failed to state a claim for relief for supervisory liability under § 1983). To bring a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). The first element overlaps with the first prong of the qualified immunity defense, which is challenged by Sheriff Hickman, but there is no dispute as to the second element.

"Section 1983 does not attach liability to supervisory officials for the misdeeds of their subordinates under a theory of vicarious liability or respondeat superior." *See Martone*, 2014 WL 3534696, at *5 (citing *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). Instead, "[a] supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)). "In order to establish supervisor liability for constitutional violations

---

[9] Dkt. No. 81 at 10–11. In his response, Plaintiff also moved to strike a reference Sheriff Hickman made in his Motion to Dismiss to his response to Plaintiff's First Set of Interrogatories. (*Id.* at 14.) The request is **DENIED**.

committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Id.* (emphasis in original). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 446–47.

    a. <u>Whether Plaintiff Stated a Claim for Relief Under § 1983</u>

Plaintiff alleges that Sheriff Hickman violated the Fourth Amendment by failing to implement policy changes that prevented the use of excessive force, and by failing to train, discipline, and supervise employees.[10] Sheriff Hickman argues that Plaintiff has been allowed to amend his complaint three times, but still fails to provide any factual allegations regarding Sheriff Hickman other than boilerplate language.[11]

    i. *Failure to Promulgate Policies*

Plaintiff asserts Sheriff Hickman failed to promulgate policies against excessive force.[12] "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequence of not adopting a policy will be a deprivation of constitutional rights." *Porter*, 659 F.3d at 446 (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)). "Deliberate indifference is a high standard—'a showing of simple or even heightened negligence will not suffice.'" *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)). A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, Plaintiff must show that a reasonable policy maker would

---

[10] Dkt. No. 59 at 24–25.
[11] Dkt. No. 69 at 5.
[12] Dkt. No. 81 at 10.

conclude that the constitutional deprivation that occurred was a plainly obvious consequence of his decision. *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 411 (1997). Moreover, Plaintiff must allege "[a] pattern of similar constitutional violations . . . to demonstrate deliberate indifference," since without notice of the effects of failing to promulgate a policy, policymakers cannot be said to have deliberately chosen a policy scheme that will cause violations of constitutional rights. *Porter*, 659 F.3d at 447 (discussing failure-to-train claims but noting that "logically," the same reasoning applies to "failure-to-promulgate-policy claims").

The Court construes the allegations in the complaint favorably to Plaintiff and accepts all well-pleaded facts as true, but Plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In this case, there is an absence of pleaded facts necessary to state a claim. Surviving a motion to dismiss requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plaintiff's claims rely on a 2009 Department of Justice ("DOJ") report, which investigated the use of force in the Harris County Jail, and other excessive force cases.[13] In reference to the 2009 DOJ report, the Court previously warned Plaintiff that he "may not proceed with this case without evidence beyond a bureaucratic report from 2009" and that he "must focus on facts and not clutter his complaint with citations and quotes."[14] However, Plaintiff continues to heavily reference the 2009 DOJ report and other excessive force cases.[15] Under the section titled "Claims Against Ron Hickman" in his Third Amended Complaint, Plaintiff seems to recite the elements

---

[13] Dkt. No. 59 at 13–20.
[14] Min. Entry dated Feb. 20, 2018.
[15] *See* Dkt. No. 59 at 14–19.

regarding qualified immunity but only in reference to Defendant Richard, the officer involved in the altercation.[16] Outside of this section, Plaintiff also stated the following:

> 140. Ron Hickman facilitated an environment where detention officers acted as bystanders and did not intervene to stop the use of excessive force against inmates by other detention officers in their presence.
>
> 141. During his tenure as Sheriff, Ron Hickman, as the policymaker for Harris County upheld and facilitated a culture where detention officers operated with impunity and without fear of reprisal, based on the fact that in almost every complaint of excessive use of force by a detention officer, the allegation is not sustained and the detention officers receive no discipline.
>
> 142. Ron Hickman as the Harris County Sheriff was deliberately indifferent to the use of force by detention officers.
>
> 143. His tenure as Sheriff was short it does not excuse the fact that he made no effort to investigate the effectiveness of the use of force policy from the previous administration.
>
> 144. Sheriff Hickman used almost all of the previous administrations' policies but he did make changes to some of those policies.
>
> 145. But the Use of Force Policy was not one of the policies that Sheriff Hickman felt was important enough to make changes too, even though Harris County detention officers and deputies have a history of effectuating excessive force against the citizens of Harris County.
>
> 146. Adrian Garcia failed to make any changes to the use of force policy since the 2009 DOJ report, detailed below, and Hickman concedes he has not made changes.
>
> . . .
>
> 149. . . . [Ron Hickman] acted with full knowledge and approved the conduct to be perpetrated by his subordinate, he ratified the conduct of Richard, and was also complicit. He has ratified similar

---

[16] *Id.* at 25–27.

acts since taking office in 2015 through 2017.[17]

Overall, the Court finds that nothing more than a sheer possibility of liability is pled here. *See Nelson v. LeBlanc*, No. CV 18-282-SDD-SDJ, 2020 WL 7365313, at *5–6 (M.D. La. Dec. 15, 2020). Further, Plaintiff's response to Sheriff Hickman's Motion to Dismiss is mostly a recitation of the same conclusory allegations that are in his Third Amended Complaint as Plaintiff continues to rely on the 2009 DOJ report.[18] Holding Sheriff Hickman liable for failing to have a policy against excessive force and choke holds requires a showing of deliberate indifference which, based on the Third Amended Complaint, Plaintiff has not adequately alleged. Accordingly, the Court **RECOMMENDS** that the motion to dismiss the § 1983 claim for failure to promulgate policies against excessive force be **GRANTED**.

    ii.    *Failure to Train/Supervise*

Plaintiff also alleges that Sheriff Hickman failed to train and supervise detention officers employed by Harris County.[19] The elements of a claim for failure to train or supervise are: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiffs' rights; and (3) the failure to train or supervise amounts to deliberate indifference to the constitutional right allegedly violated. *See Estate of Davis*, 406 F.3d at 381–82. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 381. Proof of more than a single instance of lack of training or supervision causing a violation of constitutional

---

[17] *Id.* at 24–25.
[18] Dkt. No. 81 at 11, 13–14
[19] Dkt. No. 59 at 23, 27.

rights is generally required before such lack can constitute deliberate indifference. *Id.* Thus, to survive a motion to dismiss, Plaintiff must allege facts capable of showing that the Sheriff Hickman had notice of a pattern of prior acts fairly similar to what ultimately transpired, and despite that notice failed to train or supervise; or that the highly predictable consequence of his failure to train or supervise would result in injury to Plaintiff. *Id.* at 381–86; *see Thompson v. Upshur County*, 245 F.3d 447, 458–59 (5th Cir. 2001).

As Sheriff Hickman states in his motion to dismiss, Plaintiff's Third Amended Complaint contains only conclusory allegations that Sheriff Hickman failed to train or supervise officers under his command. A plaintiff "seeking recovery under a failure to train or supervise rationale must prove that the police chief failed to control an officer's 'known propensity for the improper use of force.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Moreover, to prove deliberate indifference, a plaintiff must demonstrate "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Id.* Plaintiff fails to allege any foundational facts capable of showing that Sheriff Hickman was directly involved in the training or supervising of the officer involved in the incident at the Harris County Jail on November 18, 2015; that the training or supervision that Sheriff Hickman provided to that officer was inadequate; or that Sheriff Hickman was aware of a pattern of prior violations by that officer that put him on notice that additional training or supervision was needed to prevent a violation of Plaintiff's constitutional rights. *See Khansari v. City of Houston*, 14 F. Supp. 3d 842, 866 (S.D. Tex. 2014).

Plaintiff's conclusory allegations are not sufficient to state a claim for failure to train or supervise against Sheriff Hickman. *Roberts*, 397 F.3d at 293 ("[M]ere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more,

support liability."); *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989) ("In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident."). Accordingly, the Court **RECOMMENDS** that Sheriff Hickman's motion to dismiss the § 1983 claim for failure to train or supervise be **GRANTED**.[20]

   b. Right to Replead

Plaintiff has amended his complaint multiple times. A district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "But leave may be denied when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp*, 393 F.3d 590, 595 (5th Cir. 2004)). Given that Plaintiff would be filing a fourth amended complaint and continues to depend upon the 2009 DOJ report as the foundation for his claims, the Court **RECOMMENDS** that Plaintiff's request to replead be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Sheriff Hickman's Motion to Dismiss be **GRANTED** and that Plaintiff's claims against Sheriff Hickman be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant

---

[20] The Court need not reach the question of qualified immunity since Plaintiff failed to state a claim for relief under § 1983.

to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on February 24, 2021.

Sam S. Sheldon
United States Magistrate Judge